**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **EBONY MORRIS,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CIV-26- |
| | ) |
| **HONORABLE TROY E. MEINK,** | ) |
| **SECRETARY, U.S. DEPARTMENT OF THE** | ) |
| **AIR FORCE, in his official capacity,** | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, Ebony Morris, and for her causes of action against the Defendant in her Complaint alleges and states as follows:

### I.    PRELIMINARY STATEMENT

1.    This action arises under the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000 et seq., as amended. Plaintiff seeks relief, including damages, for race discrimination in her employment with Defendant, Honorable Troy E. Meink, Secretary, U.S. Department of the Air Force, (hereinafter "Defendant"), and retaliation for her prior Equal Employment Opportunity (hereinafter "EEO") activity.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000 et seq., as amended, and the Age Discrimination in Employment Act.

3.      All of the actions complained of occurred in Oklahoma County, Oklahoma. Oklahoma County is within the Western District of the United States District Court of Oklahoma and venue is appropriate in this Court.

4.      Plaintiff, Ebony Morris, was a resident of Oklahoma County, within the jurisdiction of the Western District of Oklahoma, at the time of the alleged events. As an employee, all acts and conduct complained of occurred at Tinker Air Force Base, within Oklahoma County, and all unlawful employment practices were committed by Defendant through its officers, employees, servants or agents.

5.      Tinker Air Force Base is part of the United States Department of the Air Force and a federal agency. Defendant Honorable Troy E. Meink is the Secretary for the United States Department of the Air Force.

6.      Service can be accomplished on the Chief of the General Litigation Division, Air Force Legal Operations Agency, at 1500 W. Perimeter Road, Suite 1370 Joint Base Andrews, MD 20762.

### III.    **PROCEDURE**

7.      Plaintiff brought an action for race and sex discrimination; and retaliation as it related to herself through the filing of a formal complaints with the Department of the Air Force on September 5, 2024. On or around November 21, 2025, The Department of the Air Force delivered its Final Agency Decision to Plaintiff, entitling Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the date of receipt of said final action.  This action was initiated pursuant to said notice, within the

said ninety (90) days. Therefore, Plaintiff has timely and properly exhausted her administrative remedies.

### IV.    FACTS

8. Plaintiff hereby incorporates by reference each of the allegations contained in roman numerals I through III, above.

9. Plaintiff previously engaged in protected EEO activity in approximately 2017 and 2023.

10. Supervisory officials identified in the administrative record as IRM01, IRM02, IRM03, and IRM04 were aware of Plaintiff's prior activity.

11.     The acts complained of herein occurred soon after the filing of Plaintiff's 2023 EEO complaint.

12. In early 2024, on or around March 5 and 6, 2024, IRM01 required employees to sign new telework agreements restricting alternate worksites.

13. Plaintiff submitted medical documentation on March 15, 2024, indicating that her medical provider recommended telework during Plaintiff's surgical recovery.

14. In response to Plaintiff's request, management demanded clarification as to whether the Plaintiff's surgery was "elective" and required additional medical disclosures beyond functional limitations.

15. Thereafter, Plaintiff's telework was reduced to limited days despite prior approval.

16. On March 25, 2024, Plaintiff fell at Tinker Air Force Base and sustained a head injury, which could have been easily avoided, had Plaintiff not been forced to be physically in the office.

17. Plaintiff requested full-time telework following the injury, but IRM02 denied the request and required reinitiation of the reasonable accommodation process.

18. Defendant did not conduct an individualized assessment or propose alternative accommodations.

19. Plaintiff received reduced performance recognition following telework disputes.

20. Other employees were permitted telework flexibility without comparable scrutiny.

21.    Plaintiff contends Defendant is liable under all aforementioned legal theories. Accordingly, Plaintiff brings the following causes of action:

## [COUNT ONE]

### [Race Discrimination, Sex Discrimination, Disparate Treatment- In Violation of Title VII]

Plaintiff hereby adopts the allegations contained in Roman numerical paragraphs one (I) through four (IV) as if fully restated herein, and further alleges and states:

22.    Defendant and its agents unlawfully discriminated and retaliated against Plaintiff due to her complaint of race, color, age and sex discrimination by her supervisors and peers.

**a.    Disparate treatment**

23.    Plaintiff is Black/African American, and therefore a member of a protected class. Defendant knew of Plaintiff's membership in said protected class.

24.    Plaintiff suffered adverse employment actions, giving rise to an inference of discrimination.

25.    Defendant treated similarly situated non-protected employees more

favorably in terms, privileges and conditions of their employment than Plaintiff was so treated.

26.     Further, Defendant subjected Plaintiff to different terms and conditions of employment and discriminated against Plaintiff because of her protected status, as specified above. Plaintiff was subjected to unequal treatment as compared to similarly situated employees in the form of telework denial, heightened documentation demands, being forced to work in the office during recovery from surgery, exposing her to hazards and certain illness; and a reduction in award recognition.

27.     Other similarly situated employees that were not of Plaintiff's protected class were treated more favorably and were not subjected to the same or similar adverse treatment.

28. Race and sex were motivating factors in the Defendant's actions/

**b.     Retaliation**

29.     Very soon after Plaintiff's EEO activity, Plaintiff began to be subjected to materially adverse employment action in the form of telework restriction and heightened scrutiny by management. Therefore, a causal connection existed between the protected activity and the materially adverse action.

30.     Plaintiff's supervisor was aware of her prior EEO activity.

31.     During the timeframe subject to this complaint, Plaintiff maintained satisfactory performance evaluations. Accordingly, any justification for Plaintiff's maltreatment offered by the Defendant is not worthy of belief and the stated reasons are mere pretext for discrimination.

32.    Any requests for explanation of these behaviors were wholly ignored and/or resulted in an increase in the intensity of the maltreatment.

33.    Defendant's actions have been intentional, willful and in reckless disregard of Plaintiff's rights as protected by the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended.

34.    Due to Defendant's unlawful acts and conduct, Plaintiff has suffered harm and is entitled to damages.  Plaintiff sustained physical injury, pain and suffering, and reputational harm. Accordingly, Plaintiff is entitled to all remedies to which a prevailing plaintiff is entitled for violations of Title VII, including without limitation, back pay, front pay compensatory damages, costs and a reasonable attorney's fee against Defendant for such unlawful conduct.

**WHEREFORE,** Plaintiff, Ebony Morris, prays for judgment against Defendant, on her causes of action that:

1.  Awards Plaintiff all available compensatory damages, including, but not limited to, front pay, back pay, lost wages and benefits, and pain and suffering;

2.   Orders Defendant to pay attorney fees and costs incurred in litigating these causes of action; and

3.  Grants such other and further relief as may be available in law and equity.

**RESPECTFULLY SUBMITTED.**

s/Ge'Andra D. Johnson
Ge'Andra D. Johnson, OBA #32810
Johnson Legal, P.L.L.C.
6303 North Portland Avenue, Suite 305
Oklahoma City, OK 73112
405-648-5273: Telephone
405-673-7322: Facsimile
**ATTORNEY FOR PLAINTIFF**
**EBONY MORRIS**

**JURY TRIAL REQUESTED**
**ATTORNEY LIEN CLAIMED**

7